## PHILIP GRANT *vs.* JAMES W. HAZELTINE.

It is an unsettled question in this state whether an attorney has a lien for his cost. But if he has, it cannot prevail against the defendant, unless he notfies the defendant before a settlement with the plaintiff, that he intends to insist upon his lien.

THIS was trover for a horse.

At the trial here, April term, 1822, on the general issue, it appeared in evidence, that one *Joseph Grant* employed the defendant, an attorney of this court, to bring an action of as-

sumpsit against the present plaintiff. The action was commenced, but before being entered, the parties to it settled, and the present plaintiff paid said *Joseph* the balance due him. The defendant having no notice of the settlement, entered the action, took judgment by default, sued out execution and caused the horse in dispute to be levied on ; but before the sale, said *Joseph* released the judgment and informed the officer and the present defendant of that fact.—But the defendant still directed the horse to be sold on the execution, on the ground that neither his cost nor the officer's fees had been paid.

A verdict was taken for the plaintiff, subject to the opinion of the court on the above case.

*B. M. Farley*, counsel for the plaintiff.

*J. Haseltine* and *R. Fletcher*, for defendant.

WOODBURY, J. It is unnecessary to settle the question, which has not yet been adjudged in this state to our knowledge, whether an attorney has a lien upon claims lodged with him for collection. For, on the hypothesis, that he has such a lien as exists in England, the facts in the present case would not justify the proceedings on the part of the defendant. As a general principle, an attorney there cannot maintain a lien against the defendant, unless he notify the defendant of his design before the defendant makes a settlement with the plaintiff. *Tidd* 287.—6 *D. & E.* 361.—1 *East* 464.—3 *Caines* 165, *Pindar vs. Moore.*—8 *John Rep.*—335, *People vs. Hardenburgh.*

It would be too much to say, that a defendant shall not transact " the business of a cause with the plaintiff him-" self in a case where there has been no notice not to do so " from the attorney express or implied." *Doug.* 238, *Welch vs. Hale.*—1 *Hen. Bl.* 122, *Griffin vs. Eyles.*—6 *D. & E.* 361, *Read vs. Dapper.*—1 *Taunt.* 341, *Chapman vs. How.*

Some cases have gone so far as to doubt the existence of the lien, notwithstanding notice, if the defendant actually settle with the plaintiff. 4 *D. & E.* 123, *Mitchell vs. Oldfield.*—4 *Taunt.* 320, *Brown vs. Layer.*—4 *Barn. & Ald.* 466, *Marr vs. Smith.*

Grant
*vs.*
Hazeltine.

But where a settlement has been collusive or fraudulent, in order to defeat the attorney's lien, he cannot, after a release of the judgment by his client, proceed to enforce the execution then issued; but his regular remedy is an application to the court for redress, by motion. 1 *Taunt.* 341.— 1 *Marshall* 113, *Graves vs. Eades.*—1 *East* 464, *Ormenad vs. Tate.*—5 *Bos. & Pull.* 99, *Swain vs. Senate.*

*Judgment on the verdict.*