ALBANY,
Dec. 1824.

ST. JOHN *vs.* DIEFENDORF & ALLEN.

An attorney has no *lien* upon the *damages* recovered in a cause, before they
come to his hands, although he has a demand against his client equal to
the amount of the recovery; and an execution will be ordered to be return-
ed satisfied, where the plaintiff has discharged the defendant from the pay-
ment of the damages, and the costs and sheriff's fees are offered to be paid.
An attorney has a *lien* upon his client's papers in his possession, but has no
lien upon any thing belonging to his client *until it is in his possession.*

AN execution was issued in this case for the *damages* and <span>December 18.</span>
*costs,* for which judgment had been recovered. The attorneys
for the plaintiff gave notice to the defendant to pay the *dam-
ages,* as well as *costs,* to them. After the execution was is-
sued, and subsequent to the notice, the plaintiff gave a receipt
for the amount of the damages to the defendant, who tender-
ed the costs to the attorneys and paid the sheriff's fees, and
now asked for a rule that the execution be returned satisfied.
The motion was opposed by the attorneys, on the ground that
they had a *demand* against their client for costs in other suits
to an amount equal to the damages; but they had no *assign-
ment* of the damages, nor did it appear that their client had
assented that they should apply the damages in satisfaction of
their demand.

*By the Court,* SAVAGE, Ch. J. The question is, whether
an attorney has a lien upon his client's money, before it comes
into his hands, to satisfy a demand he has against his client
for costs in other suits. It is admitted that no adjudged case
has been found establishing such lien. He has a lien after
notice for his own costs, while they are in the hands of the
defendant, but not for a debt due to him from his client, unless
it has been assigned to him. It is true, that an attorney
has a lien upon his client's *papers;* but he has no lien upon
any thing which belongs to his client, until it is in his posses-
sion. The costs belong to the attorney; but even those may
be discharged by the client, unless notice has been given.

ALBANY,
Dec. 1834.

Had the plaintiff demanded the money of the sheriff, he surely might have received it without subjecting the sheriff to liability. There can be no lien upon what belongs to another, without possession. " Lien is a right *by the possessor* of property to hold it for the satisfaction of some demand." Law of Lien, p. 1. In *Mitchel* v. *Oldfield*, 4 T. R. 124, *Buller*, justice, says that the court had said that they would not interfere on behalf of the attorney, and prevent the plaintiff setting his own cause, without first paying the attorney's bill: yet they will take care that his bill is satisfied when the *adverse party* seeks to get rid of the judgment. Here, even as to the attorney's costs, this court has adopted the practice of the common pleas, and not of the king's bench, and allow them to be set off; but I cannot find that any court has ever gone the length we are asked to go in favor of the plaintiff's attorneys. Dougl. 104, 238.

Motion granted, without costs.