#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF CHESHIRE, OCTOBER TERM,

### A. D. 1830.

PAUL WHITNEY and another *versus* GEORGE C. DEAN, BELA CHASE, and G. W. WINCHESTER, copartners in trade, as principals, and SAMUEL WINCHESTER and LEWIS CAMPBELL, as trustees.

Where a partner, with the assent of his copartners, and without any fraudulent intent, pledged the goods of the firm for the security of his own individual debt, and the firm immediately afterwards failed, it was held that the pledgee could not be adjudged the trustee of the firm.

This was an action of assumpsit on a note signed by the principals with their copartnership name.

It appeared by the disclosures of the trustees, that the said Lewis Campbell, held a note payable to himself, and signed by the said Bela Chase and G. W. Winchester, as principals, and by the said S. Winchester as a surety; that on the 7th January, 1829, the said B. Chase and G. W. Winchester, with the assent of Dean, delivered goods belonging to the said copartnership of Dean and compa-

VOL. V. 32

ny, of the estimated value of $400, to S. Winchester, to be applied to the payment of the said note held by Campbell, as aforesaid. The goods were delivered to Campbell to be sold, and the proceeds applied to the payment of the note, and have been sold for $350, which Campbell claimed to retain in part satisfaction of his note. The firm of Dean and company failed in two or three days after the goods were delivered to S. Winchester, as aforesaid, but Campbell, when he received the goods, supposed them to be the property of B. Chase and G. W. Winchester.

*Wilson*, for the trustees.

*J. Parker*, for the plaintiffs.

Partnership property is a fund for the payment of the partnership debts, and is to be first applied to their discharge ; the interest of the several partners being only a right to the surplus in the settlement of the partnership concerns, after the partnership debts are paid. And the creditors of an individual partner are entitled to no more than his interest in the surplus. 6 Mass. Rep. 242 and 271 ; 11 ditto, 472 and 249 ; 17 ditto, 206 ; 16 Johnson, 102 ; 1 Wendell, 311 ; 2 Johns. 280 ; 2 Conn. Rep. 477 ; 4 ditto, 540 ; 2 Johns. C. Rep. 548 ; 4 ditto, 525 ; 20 Johns. 625 ; 5 Johns C. Rep. 417; 4 Vesey, 396 ; 15 ditto, 557 ; 17 ditto, 193 ; Cowper, 449 and 471.

It appears that there was no sale by Dean and company to any person, but that firm pledged the goods to S. Winchester, to indemnify him against his liability for B. Chase and G. Winchester, with power to sell and satisfy the debt. The goods remained the property of Dean and company, when the writ in this case was served, and the pledge was fraudulent and void as against the creditors of Dean and company, as there was no debt due from that firm, nor any consideration received for the pledge. 2 Vesey, junior, 244, *Anderson* v. *Maltby* ; Rob. on Fraud. Con. 73 ; 3 N. H. Rep. 425.

The pledging of the partnership fund, or giving the

partnership security by an individual partner for his private debt, is fraudulent, and does not bind the other partners.   1 East, 48, *Sherriff* v. *Wilks*; 4 Johns. 251, *Livingston* v. *Roosevelt*.   So the sale of goods, known to be partnership property in payment of the debt of one partner is invalid.   16 Johns. 34, *Dob* v. *Halsey*.   So the release of a partnership debt on a like consideration is void. 5 Cowen, 489, *Gram* v. *Cadwell*.

And a pledge of partnership property by an insolvent partnership, for the debt of one partner, without any consideration, is as much a fraud upon the creditors of that partnership, as the giving a note, or the sale of goods by one partner for his private debt is a fraud upon the other partners.

The company of Dean and company being insolvent, there was no surplus to be appropriated to pay their individual debts, and nothing which could be pledged.   4 Vesey, 398.

*By the court.*   There is nothing in this case, which shows, that any one of the firm of Dean and company had any fraudulent intent in delivering the goods to J. Winchester, or that he had any purpose in view in receiving them, other than security for his liability as surety for Chase and G. W. Winchester.   And no fraudulent purpose can be imputed to Campbell, for he supposed the goods to be the property of Chase and G. W. Winchester. The contract stands clear of all intended fraud on the part of any one concerned in it.

But it is said, there was no consideration for the contract.   If the meaning of this is, that there was no debt due from the firm of Dean and company, it is undoubtedly true.   But it is not true in any other sense.   For there was a debt due from Chase and G. W. Winchester to Campbell, for which S. Winchester was liable, and that liability was the consideration on which the goods were delivered, and that was a good consideration even against creditors.   *Buffum* v. *Green*, in this county, October, 1829.

There was then a contract made by parties whose capacity to contract is unquestionable, for a good and valuable consideration, and for a legal and honest purpose, and without any fraudulent intent whatever. And we see no ground on which the contract can be held to be void, and these trustees chargeable.

*Trustees discharged*