IN THE

## SUPERIOR COURT OF JUDICATURE

FOR THE

COUNTY OF COOS, MAY TERM,

A. D. 1832.

---

### JONATHAN HUNT *versus* FRANCIS WILSON.

B. and W. on the 13th July, 1829, agreed to submit a certain cause to the determination of F ; the award to be made, and published, to the parties, on or before, the 1st August, 1829. On the 29th July, 1829, the arbitrator made an award. After this, and before the award was published to both parties, W. revoked the submission. It was held, that, the authority of the arbitrator having been completely executed, it could not be revoked, and that W. was bound by the award, notwithstanding the revocation.

ASSUMPSIT, upon a note, dated July 13th, 1829, for $200, made by the defendant and one Stephen Wilson, payable to Levi Barnard, or order, and, by him, endorsed to the plaintiff.

The cause was tried here, upon the general issue, at May term, 1831, and a verdict taken, by consent, for the

plaintiff, subject to the opinion of the court upon the following case.

On the 13th July, 1829, there being an action pending between Colburn and Gill, and Stephen Wilson, an agreement, in writing, was made, between Levi Barnard, the attorney of Colburn and Gill, on the one part, and Stephen Wilson, on the other part, to submit the said action to the determination of William Farrar, Esqr. ; and the said Barnard, and the said Stephen Wilson agreed to abide the award ; the same to be made, and published to the parties, on, or before, the 1st August, 1829.

And, for the purpose of carrying into effect the said agreement, the said Barnard made, and delivered to the arbitrator, his note, for $200, payable to Stephen Wilson, or order ; and the said Stephen delivered, to the arbitrator, the note now in suit.

On the 29th July, 1829, the arbitrator made an award, that Colburn and Gill should recover of the said Stephen Wilson, $111, 29, debt, and costs, taxed at $21, 47.

After the award was made, and published to Barnard, Wilson revoked the submission. But, notwithstanding this, the arbitrator, having caused the sum of $67, 24 to to be endorsed on the note now in suit, delivered the same to Barnard, who endorsed it to the plaintiff.

*Barnard*, for the plaintiff.

*Bell*, for the defendant, contended, that the defendant was not bound by the award, because the authority of the arbitrator had been revoked, before the award was published to Wilson. The award was, by the terms of the submission, to be made and published to the parties, and either party had a right, until it was so published, to revoke the submission. 2 Saunders, 62, *a*, note 4.

*By the court.* It is said, in this case, that the submission might be revoked, by either party, at any time before the award was published to both parties.

There is no doubt that the authority of an arbitrator

may be revoked, provided, it be done before the authority is executed. 16 Johns. 205, *Allen* v. *Watson* ; 7 East. 608, *Milne* v. *Geatrix* ; 6 Bingham, 443, *Green* v. *Pole* ; 1 Chitty's Rep. 200, *Aston* v. *George* ; 2 B. & A. 395, S. C ; 1 Car. & Payne, 651, *Brown* v. *Tanner* ; 4 B. & C. 103, *Warberton* v. *Storr* ; 1 Bingham, 87, *Clapham* v. *Higam* ; 5 Taunton, 452, *King* v. *Joseph.*

But, in this case, the award was complete before the revocation. It was provided that the award should be made, and published to the parties, on, or before, the 1st August, 1829 ; but such a proviso does not imply a formal notification to the parties. Caldwell, 51. The authority of the arbitrator was executed before the revocation, and there must be,

*Judgment on the verdict.*