## GIBSON *versus* MOORE.

Partners may separate any portion of the partnership affairs from the rest, and adjust that portion, and if, upon an accounting and adjustment of such part, a sum is found due from one to the other, a promise to pay that sum is binding, and an action may be sustained upon it, notwithstanding the balance, so found, is not the final balance upon a settlement of the whole concerns of the partnership.

A controversy having arisen between two partners respecting the settlement of a portion of their partnership transactions, they submitted the matter, by a parol agreement, to the determination of arbitrators, who awarded that the defendant should pay the plaintiff a certain sum, and the defendant, upon a demand being made, promised to pay. Held that an action might be maintained upon this promise to recover the amount of the award, although other partnership concerns remained unsettled.

Gibson
v.
Moore.

Assumpsit, upon a parol award. By the report of an auditor, to whom the case was committed, it appeared that the plaintiff and defendant had been in partnership in the profits and proceeds of certain mills, and a farm in Lisbon, which partnership commenced in February, 1827, and that the partnership concerns had never been finally settled.

Prior to October, 1829, a controversy having arisen between them relative to the settlement of some of their partnership affairs, the matters in controversy were submitted to arbitrators, mutually chosen, who, on the 14th of October, 1829, after hearing the parties, awarded that the defendant should pay the plaintiff $88,08, to recover which this action was brought.

On the same day, and after the award was made known to the parties, the plaintiff requested payment of the defendant who promised to pay the amount in a few days.

There had been no settlement of the general concerns of the partnership, nor any final balance struck.

*J. Smith*, for the defendant, contended, that no action could be sustained, because the submission related to transactions between the parties as partners, and an action therefore would not lie during the continuance of the partnership, nor to recover any thing except a final balance. Gow on Part. 2d Amer. ed. 88, *and cases cited in note.*

The facts reported by the auditor amounted to no more than an agreement to pay upon a final adjustment. If otherwise the promise was without sufficient consideration.

*Goodall & Woods*, for the plaintiff, cited 13 East, 7, *Venning* v. *Leckie*; 17 Johns 80, *Halsted* v. *Schmelzel*; 9 Mass. Rep. 538, *Brigham* v. *Eveleth*; 3 Pick. 420, *Fanning* v. *Chadwick*; 15 Mass. 116, *Wilby* v. *Phinney*; 6 Pick. 179, *Brinley* v. *Kupfer.*

PARKER, J.  It is well settled that assumpsit may be maintained by one partner against another to recover a final balance upon the settlement of the partnership accounts, where there is an express promise to pay.  2 Caines' Rep. 293, *Casey* v. *Brush* ;  2 Bing. 170, *Fromont* v. *Coupland*

In Massachusetts the court have gone still farther, and hold that where the partnership accounts are closed, and the balance struck, the law raises an implied promise.—3 Pick. 423, *Fanning* v. *Chadwick.*  The same doctrine is found in *Rackstraw* v. *Imber*, Holt's N. P. R. 368.

So where the judgment will be an entire termination of the partnership transactions, although there has been no settlement of the accounts by the partners, nor an express promise to pay, an action may be sustained.  11 Pick. 82, *Williams* v. *Henshaw.*

So an action may be maintained by one partner against the other, for a balance due him growing out of the partnership transactions, if there be but a single item to liquidate.  5 Wendell, 274, *Musier,* v. *Trumpbour* ;  1 Stark. 78 *sed vide* 6 Barn. & Cres. 149, *Bovill* v. *Hammond.*

In some of these cases the proposition will be found laid down in broad terms, that no action can be maintained at law by one partner against the other, except to recover a final balance.

This language however must be taken with reference to the facts and questions arising in those cases.

In *Smith* v. *Barrow,* 2 D. & E. 478, Mr Justice Buller says " one partner cannot recover a sum of money received by the other, unless on a balance struck, that sum is found due to him alone."  Similar language is found 1 Binney, 191, *Ozeas* v. *Johnson* ; 2 Conn. Rep. 425, *Beac'h* v. *Hotchkiss ;* 14 Johns. 318, *Murray* v. *Bogert* ; 1 Wend. 532, *Westerlo* v. *Evertson.*  So in *Moravia* v. *Levy,* 2 D. & E. 483, *note,* an action was sustained for the amount of a balance struck which the defendant had promised to

pay. The articles contained a covenant to account at certain times, and it does not appear whether it was a final balance which was recovered.

It is undoubtedly true as a general rule, that so long as the partnership continues, and the concerns of it remain unadjusted, the law will raise no implied promise by one to pay the other upon a partnership transaction. The reason is that such transactions create no debt or duty to pay. The act of one partner is the act of the other—the purchase of one is the purchase of the other—the payment or receipt of money by one is a payment or receipt by the other—and no cause of action can arise.

In the present case there has been no final balance struck. The settlement of the partnership concerns generally still remains to be made.

But by agreement between the parties, in relation to a specific portion of the partnership transactions a final adjustment has been made. If this accounting by means of the reference, had only been for the purpose of ascertaining an item, in order to carry it into the partnership account between them, no doubt the general rule would apply. That was the case in *Fremont* v. *Coupland*, 2. Bing. 170. But such is not the fact here.

The terms of the submission do not distinctly appear, but from the award it must have been submitted what balance was due from one to the other, on account of the matters laid before the arbitrators. The award is not that there is so much due from the partnership to the plaintiff, but that the defendant should pay the plaintiff so much money, and to this there is no objection but a promise to pay.

So far as the matters submitted were a part of the partnership transactions, they have been separated from the rest of the partnership concerns As to them the parnership is dissolved, and the balance awarded is the final balance thus far.

The partners have power thus to bind themselves to each other although the partnership still continues. They may close and settle any branch of the partnership business, and leave the rest unadjusted. They may adjust the profits of a particular adventure, and if a balance is found due to one why should not a promise to pay be binding ? If they may separate one adventure, or one branch of their business from the rest, they may do the same in relation to their services, or any other particular portion of the partnership transactions.

It is of no consequence that the debts due the partnership are not all collected. The partners have agreed to close thus far, and one has agreed to pay the other a certain sum notwithstanding.

Nor is it of any importance that the debts of the partnership are not all paid, if such be the fact. Creditors cannot object. They will have the responsibility of both partners still, nor is the payment of money by one partner to the other to their prejudice. If it was, that could not prevent the partners from adjusting the concerns between themselves, so as to create a liability from one to the other. They are not parties here, nor their rights in question. If partners can pledge the partnership property for the debt of an individual partner, and creditors cannot hold it, (5 N. H. Rep. 249, *Whitney* v. *Dean & Trustee*.) they may surely make any adjustment of the partnership interests among themselves that they think expedient.

The consideration for the promise is as good as in any other case of a mutual submission of a controversy to arbitration.

The adjustment of part of the partnership concerns, and a suit upon a promise to pay the balance thus found due, is so rare that a direct authority was hardly to be expected. If It were necessary, however, authorities may be adduced in support of this reasoning.

Thomas Coffee, John Coffee, and Brian were jointly

concerned in the sale of butters. John Coffee consign-
ed them to Brian, in London, who sold them on the joint
account. Thomas Coffee being requested to accept bills
for the firm, refused so to do without some security,
when Brian engaged, if Thomas Coffee paid the bills, to
repay him out of the proceeds received for the butters
already sold. Thomas Coffee having accepted and paid
the bills—held that he might sue Brian for money had
and received to his use. Best, C. J. said "It has been ob-
jected that this is a partnership transaction, and no doubt
the money came to the defendant as the money of all
three of the partners, but that has happened which di-
vests them of the joint property in it, and vests it in the
plaintiff. The defendant says I have money in my hands,
the produce of these butters, and if you will accept cer-
tain bills I will hold the money on your account in case of
your being called on to pay the bills. When the bills were
paid, therefore, the money in the defendant's hands be-
came separated from the partnership account," &c. And
by Park, J. "according to the case of *Foster* v. *Allanson*
a partner may sue for a balance due to him upon an ac-
count closed, and an agreement to pay the amount, and
this is a case of the same description." 3 Bing. 54, *Coffee*
v. *Brian*

This goes even farther than the case at bar, for the
action was sustained by one partner against another,
upon a promise to pay a sum *out of the partnership funds*,
there being a third partner who does not appear to have
assented.

In *Venning* v. *Leckie*, 13 East, 7, the plaintiff declared
for a breach of the following contract in writing.

London, 1 Dec. 1808.

Messrs. W. Venning & Co.

I agree to take one half share of the flax undermen-
tioned, *bought by you on our joint account*, say half in the
profit or loss, and to furnish you with half the amount
in time for the payment thereof in case you require it."

(signed by the defendant.)    It was objected that this was a case of copartnership, and that no action lay by one partner against the other.    Lord Ellenborough said—" There are many deeds of copartnership in which the partners covenant each to advance a certain sum at first, and can it be said that no action would lie by one to enforce that covenant against another, because there are accounts between them afterwards, which require unravelling in a court of equity.    The purchase of the goods was to launch the partnership, for which between themselves each was to contribute his share."   Le Blanc, J.  " The respective sums were to be paid by each before there could be any account of profit or loss between them as partners, upon the goods."

The goods in the above case were purchased by one, upon the joint account.    So says the agreement.    If the purchase was " to launch the partnership" what difference can it make at what period of time it was done.— The action is by one partner against another, founded upon an express promise, arising out of a joint purchase. It cannot be material whether the purchase upon the joint account was before the partnership had commenced sales, or afterwards.    The question is was it still an unliquidated matter, to be carried into the copartnership accounts, or was it a matter that had been liquidated between them, with an undertaking of one to pay the other.

In the case at bar the demand has been separated from the partnership transactions as effectually as that was in the case above cited ; and it may be asked, with equal significance, will no action lie to enforce the award, and the promise of the defendant, because there are accounts between them afterwards, which require unravelling in a court of equity ? Here a sum was to be paid by the defendant to the plaintiff before any account of profit and loss between them as partners for ; the report shows that

VOL. VI.      70

there were outstanding claims at the time both in favor of and against the partnership.

*Sawyer* v. *Proctor*, 2 Vermont Rep. 580, may also be cited in support of the present decision. In that case it appeared that the parties were formerly partners, and *had made a partial settlement*, and Proctor had passed to Sawyer sundry demands, warranting them good, which were not collectable, and Sawyer had been obliged to pay sundry bills, and parts of bills, which had been treated as paid by Proctor. Proctor also received some pay on the demands warranted to Sawyer. When Sawyer in any of these ways paid money, or failed to collect, he made a charge against Proctor, which formed a principal part of the account in controversy. Exception was taken that the items could not be allowed in that action, but in an action of account as between partners, but the court overruled the objection.

In *Van Ness* v. *Forrest*, 8 Cranch, 30, Marshall, C. J. said—" It is alleged that at law one partner can sue another, on a claim growing out of the partnership, in no other case than for a general balance, on a stated account. The terms in which this proposition is laid down are perhaps too general." And in *Neale* v. *Turton*, 4 Bing. 149, Best, C. J. says—" It may be admitted that if a partner were to draw on other partners by name, and they were individually to accept, he might recover against them, because by such an acceptance a separate right is acknowledged to exist."

If there is any thing in *Robson* v. *Curtis*, 1 Stark. Rep. 78, which may be supposed to conflict with these principles, it cannot control this case.

*Judgment for the plaintiff.*