## DENNETT *vs.* CUTTS.

An attorney has, as against his client, a lien for his general balance, upon a note deposited with him by his client for collection.

And where the client gave the attorney a note for the amount of such balance, it was *held* that the lien was not discharged, as it did not appear that the note was given or received in payment of the balance.

TROVER, for a promissory note.

It appeared, from the report of the auditor in this case, that the defendant was an attorney at law, residing at Portsmouth, and that in the year 1828 the plaintiff deposited with him for collection certain demands, among which was the note in question, which was signed by one Rowe, for the sum of $44·10, dated the 29th day of February, 1828, and payable to the plaintiff. The defendant commenced a suit upon the note, and summoned one Davis as trustee. There was money enough in the hands of the trustee to discharge the costs of the suit, but it did not appear that the defendant had ever received any thing of the trustee.

Afterwards, in the month of August or September, 1830, the plaintiff went to the office of the defendant, and demanded the note. The defendant produced the note, but refused to deliver it, alleging that he had a lien upon it for the balance due him from the plaintiff for his professional services, unless the plaintiff would pay him the amount due. The plaintiff offered to pay the costs which had accrued in the suit on the note, but refused to pay the costs of the other demands, and the defendant retained the note.

On the 4th day of March, 1831, the plaintiff gave the defendant his note for $20·00, being the amount of the account which the defendant had against the plaintiff for professional services, and including the costs of the suit upon this note. The plaintiff was insolvent from the time the note was deposited with the defendant.

Judgment was to be rendered upon the report for the plaintiff, or the defendant, according to the opinion of the court.

*Emery,* for the plaintiff. In equity, an attorney has a lien upon the papers of his client, but at common law he has only a lien upon the judgment which his client may recover.

And it is well settled, that as against the adverse party, the attorney has a lien only on the judgment. *Welsh* vs. *Hale, Doug.* 238 ; 1 *H. Bl.* 122 ; *Marr* vs. *Smith,* 4 *B. & A.* 466 ; *Baker* vs. *Cook,* 11 *Mass.* 236 ; *Dunklee* vs. *Locke,* 13 *Ditto* 525 ; *Potter* vs. *Mayo,* 3 *Greenl.* 34 ; *Shapley* vs. *Bellows,* 4 *N. H. Rep.* 347 ; *People* vs. *Hardenburgh,* 8 *Johns.* 335.

If he had a lien upon the note it was discharged by the offer of the plaintiff to pay the costs of the suit. *Sargent* vs. *Graham,* 5 *N. H. Rep.* 440.

*Hackett,* for the defendant. Where a security is taken for the debt for which the party has a lien upon property of the debtor, such security being payable at a distant day, the lien is gone. *Hewison* vs. *Guthrie,* 2 *Bing. N. C.* 755 ;

*Cowell* vs. *Simpson,* 16 *Vesey, jr.,* 230. So a vendor who takes in payment a promissory note, and negotiates it, loses his lien, and such lien is not revived on the dishonor of the note, which is outstanding in the hands of an indorsee. *Bunney* vs. *Poyntz,* 4 *Barn. & Adol.* 568 ; *Horncastle* vs. *Farran,* 3 *B. & Al.* 497.

None of the above cases are like the one before us ; for, in the absence of evidence to the contrary, the note here must be understood as payable on demand. And it has been held that a vendor does not waive his lien on his estate sold, by taking the promissory note or acceptance of the vendee for the consideration. *Grant* vs. *Mills,* 2 *Ves. & B.* 306 ; *Garson* vs. *Green,* 1 *Johns. Ch.* 308.

GILCHRIST, J. The only question in this case is, whether an attorney has a lien for his general balance upon papers of his client, which come into his hands in the course of his professional business.

If the defendant had a lien upon the note, it was not discharged by the transaction which took place upon the 4th day of March, 1831, when the plaintiff gave the defendant a note for the balance due the defendant ; because it does not appear that the note was given or received in payment of the balance. *Elliott* vs. *Sleeper,* 2 *N. H. Rep.* 527 ; *Johnson* vs. *Weed,* 9 *Johns.* 210 ; *Jaffrey* vs. *Cornish,* 10 *N. H. Rep.* 505 ; *Cheever* vs. *Mirrick,* 2 *N. H. Rep.* 379.

In the case of *Grant* vs. *Hazeltine,* 2 *N. H. Rep.* 541, which was decided in the year 1823, it is said, that the question had not then been adjudged in this state, whether an attorney has a lien upon claims lodged with him for collection ; and Mr. Justice Woodbury refers, in the opinion of the court, to " such a lien as exists in England." And until the decision in the case of *Shapley* vs. *Bellows,* 4 *N. H. Rep.* 347, which took place in the year 1828, it was an unsettled question in this state, whether an attorney, who had obtained a judgment for his client, had a lien on that judg-

ment for his fees and advances. It was there held, that the attorney had such a lien, upon the general principle familiar to the common law, that every person who employs labor and skill upon the goods of another, at the request of the owner, without a special contract, is entitled to retain the goods until a proper recompense is made.

But the precise question presented by this case has not until now arisen in this state. It has, however, often been examined and settled in other jurisdictions.

In the case of *Wilkins* vs. *Carmichael, Doug.* 101, in which the question was as to the lien of a captain of a ship, for wages, upon the ship, Baldwin, for the defendant, instanced the case of attorneys, who cannot be compelled to deliver up the papers and deeds of their clients until they are paid; upon which Lord Mansfield said, that the practice in that respect was not very ancient, but that it was established on general principles of justice.

So, an attorney has a lien upon papers belonging to a bankrupt, not only for his bill for business done, but for the costs of an action brought against the bankrupt subsequent to the issuing of the commission to recover the amount of his bill. *Lambert* vs. *Buckmaster*, 2 *B. & C.* 616.

So, the court will, under certain circumstances, order an attorney to deliver up deeds, &c., on satisfaction of his lien. *Hughes* vs. *Mayre*, 3 *T. R.* 275.

So, every one, whether an attorney or not, has, by the common law, a lien on the specific deed or paper delivered to him to do any work or business thereon, but not on other muniments of the same party, unless the person claiming the lien be an attorney or solicitor. *Hollis* vs. *Claridge*, 4 *Taunt.* 807.

This question was also very decisively settled in the case of *Stevenson* vs. *Blakelock*, 1 *M. & S.* 535, where it is held, that an attorney has a lien for his general balance upon papers of his client which come into his hands in the course of his professional employment; and that this lien is not ex-

tinguished by his having taken acceptances from his client for the amount of that balance, before the papers came into his hands, such acceptances having been dishonored. In this case, the general principle is admitted by the counsel on either side, the only question being, whether the papers came into the hands of the attorney in the course of his professional business. *Montague on Lien* 59, 63.

This principle has also been recognized in New-York. In the case of *St. John* vs. *Dieffendorf*, 12 *Wend.* 261, the question was, whether an attorney had a lien upon his client's money, before it came into his hands, to satisfy a demand he had against his client for costs in other suits; and Savage, C. J., says: "It is true, that an attorney has a lien upon his client's *papers*, but he has no lien upon any thing belonging to his client, until it comes into his possession."

The same principle is applicable in the case of bankers. In the case of *Davis* vs. *Bowsher*, 5 *T. R.* 488, it is held that a banker has a general lien upon all securities in his hands, belonging to any particular person, for his general balance.

We are, therefore, of opinion that Mr. Cutts was entitled to retain the note, and that there must be

*Judgment for the defendant.*