## PERLEY *vs.* BROWN.

If the admission of an amendment is within the discretion of the court, the propriety of its allowance cannot be reëxamined, after the amendment is admitted, upon an objection taken at the trial of the action.

Since the statute of July 4, 1834, "in amendment of the law," the plaintiff, in an action *ex contractu*, may be permitted to amend, by striking out and discharging one of several defendants who was improperly joined, upon the payment of his costs. And *held*, that such amendment might be made where the name of the plaintiff himself had been inserted as one of the defendants.

Perley *v*. Brown.

A general count, which is consistent with the original declaration, may be admitted by way of amendment, if the court are satisfied that the plaintiff will offer in evidence under it, only some matter for the recovery of which the action was originally instituted. And this may be secured by requiring the plaintiff to file a specification, at the time.

A general demand by one partner upon another, for a settlement of the partnership accounts, and a refusal, will not sustain an action at law, under the statute of July 5, 1834, relating to copartners. In order to maintain an action in favor of one partner against another, under that statute, the defendant must have received some property belonging to the partnership, and have refused to account for that particular property, or the proceeds of it.

ASSUMPSIT, upon an account annexed, and for money had and received. The action was commenced in favor of John L. Perley, against John L. Perley and William Brown, as copartners.

At the first term, on motion, the plaintiff had leave to amend by striking out the name of John L. Perley, defendant. Leave was also granted at the same term to file the count for money had and received, and an auditor was appointed.

The auditor found a balance due the plaintiff, on the account annexed, amounting to $34·25.

Before the commencement of this suit, a partnership had existed between said parties, and the plaintiff had demanded of the defendant a settlement of the partnership business. The plaintiff claimed a certain amount as due from the defendant, arising from said partnership business, and based his claim upon the statute of July 5, 1834.

If that claim can be sustained in this suit, the auditor found a further sum, of $104·83, due the plaintiff, for articles of personal property which were not delivered when a demand of settlement was made.

*Hazelton*, for the defendant. The action, as originally brought, could not have been sustained. 8 *N. H. Rep.* 233, *Burley & Harris* vs. *Harris*. The whole proceedings must therefore be null and void. A void writ cannot be amended. 4 *Johns.* 309, *Burk* vs. *Barnard*.

Perley *v.* Brown.

It is inadmissible, in actions on contracts, to allow the name of a party to be struck out. 4 *N. H. Rep.* 212, *Pickett & a.* vs. *King ;* 3 *Chitty's Gen. Pr.* 173 ; 5 *Greenl.* 379, *Redington* vs. *Farrar & a.*

The case, *Colcord* vs. *Swan & ux.,* 7 *Mass. Rep.* 291, may be relied on by the other side, upon this point, but it is contrary to the doctrine laid down in 4 *N. H. Rep.* 212, and 5 *Greenl.* 379.

The amendment is inadmissible, also, because it changes the cause of action. The amendment allowed was not only to strike out the name of a defendant, but to put in a money count. The plaintiff now makes a claim, under the statute of July 5, 1834, relating to copartners, on account of partnership transactions. He had not, originally, any count in his writ under which such a claim could be made.

A case of this kind was not contemplated by the statute, nor does the statement contain any fact which brings it within the statute. There is no evidence of any refusal. It only appears that a demand was made. It does not appear but that they have adjusted all their partnership demands.

*W. C. Clarke,* for the plaintiff. The amendment was granted at the first term, and by the common law all mistakes are amendable at the same term. *Bac. Abr., Amendment, A. ;* 1 *Tidd's Pr.* 651 ; 3 *Black. Com.* 406.

One of several defendants may be stricken out. 1 *Chitty's Pl.* 14, *note ; Ditto* 283 ; 3 *Chitty's Gen. Pr.* 173 ; 7 *Mass.* 291, *Colcord* vs. *Swan ;* 1 *U. S. Digest* 145, *Nos.* 29, 31 ; *Howe's Pr.* 370, *cites* 1 *Peters' Sup. C. R.* 46, 80, *Minor & a. in Error,* vs. *The Mechanic's Bank.*

There are authorities against this, which have been cited by the defendant's counsel, to which may be added 10 *Pick.* 123, *Pratt* vs. *Bacon.*

But by the statute of July 4, 1834, for the amendment of the law, when a defendant is improperly joined he may be discharged with costs, and the action proceed against the others. 2 *N. H. Laws* 160.

The question whether the new count was properly admitted was to be tried on the motion to amend. *Howe's Pr.* 378.

As to the sum found under the money count, we rely upon the statute of July 5, 1834, relative to copartners.

PARKER, C. J. An objection to an amendment, previously allowed by the court, cannot be taken at the trial of the cause, or on a hearing upon an auditor's report. If the amendment be one within the discretion of the court, the propriety of its allowance cannot be reëxamined, after the amendment is admitted, unless some question is then reserved for subsequent consideration.

Whether there can be any relief, if the amendment allowed be for a different cause of action; and if so, what is the proper remedy, are questions we need not settle at this time.

But the amendment allowed in this case, discharging one of the defendants, was rightly admitted. The statute of July 4, 1834, enacts that in all actions where two or more defendants are joined, and it shall be made to appear on trial, by confession, or otherwise, that any of the defendants are not liable, and ought not to have been joined in the action, the suit shall not for that cause abate or be quashed, but the defendant or defendants so improperly joined shall be discharged with costs, and the action may thereafter proceed against the other defendant, or defendants, &c. 2 *N. H. Laws* 160. As, under this statute, some of the defendants in an action *ex contractu* may be discharged on the trial of the action, when it appears in evidence, or by the admission of the plaintiff, that the action cannot be maintained against them; *a fortiori*, the plaintiff ought to be permitted to make that admission before proceeding to trial, and this he does by moving to amend his writ so as to discharge one or more of the defendants. The party discharged by the amendment must, of course, in ordinary cases, be entitled to his costs. He could not have them here, because it would have been a

taxation of costs against himself. But we are of opinion that the fact that it was the name of the plaintiff which was inserted as one of the defendants, does not deprive the party of his right to make the amendment. The joinder was doubtless the result of a mistake respecting the necessary parties to the defence.

The count for money had and received was consistent with the original declaration, and was properly admitted, if the court were satisfied that the plaintiff would offer in evidence under it only some matter for the recovery of which the action was originally instituted. But an amendment, by the insertion of a general count, may open the case to the admission of matters in evidence, not originally intended to be comprehended in the suit, unless provision is made upon the subject at the time the amendment is admitted. This may be done by requiring the party to file a specification at the time.

The remaining question is, whether that part of the plaintiff's claim, which arises out of the partnership transactions, was admissible, under the count for money had and received.

The statute of July 5, 1834, enacts, that whenever any copartner shall have or receive into his custody any goods, chattels, wares, merchandise, choses in action, book accounts, or any personal property, or the proceeds thereof, in which any other copartner may have a joint interest, and shall refuse to account for or liquidate the same, on demand ; the person injured by the refusal may have an action of assumpsit, to recover the share due to him ; and that the action may be for money had and received, or otherwise. 2 *N. H. Laws* 150.

We are of opinion, that in order to bring a case within this statute, there must be a refusal to account for some specific property belonging to the partnership. A demand to settle the partnership business, and a refusal, may furnish good ground for sustaining a bill in equity ; but this statute seems to have contemplated something more specific than that, as

the foundation of an action at law.    The defendant must
have received some  property belonging  to  the partnership,
and have refused to account for that specific property, or the
proceeds of it.    As there was  here no demand or refusal  to
account for any particular  property, but only a general refu-
sal to settle the  partnership concerns, the plaintiff can only
have  judgment for the sum of $34·25, found by the auditor
to be due him from the defendant on  his personal account,
with interest on that sum from the time when the report was
returned.

*Judgment  for  the  plaintiff.*