## WRIGHT *v.* COBLEIGH.

An attorney has no lien upon a judgment, for commissions.

An auditor can derive no authority from the agreement of the parties. If his report embraces matters, not referred to him by the Court, it must be rejected or recommitted.

Any authority given by the parties, to the person who is appointed auditor, to consider matters not referred to him as such, is but a submission to arbitration, and may be revoked before an award is made.

No promise [is implied between partners to pay each other on a partnership transaction, unless it has been settled, and a promise of payment made.

No action of assumpsit can be supported between partners, under the revised statutes, unless the declaration specially sets forth what property has been received by the defendant, together with a demand and refusal to account.

ASSUMPSIT. The action was referred to an auditor, by whose report, it appeared, that the defendant claimed, as a part of his set-off, the balance of a judgment against the plaintiff. Upon this judgment, Mr. Duncan, one of the attorneys of the Court,

claimed a lien for his costs, and also for commissions upon the amount recovered, and these claims were allowed by the auditor. By the assent of the parties, the auditor took into consideration certain claims existing between the parties, which were not included in the writ or set-off. Before the hearing was concluded and the report made, the defendant revoked in writing all agreements to submit those matters to the auditor.

The report embracing the subjects thus referred, was objected to, because the auditor was not authorized to consider them, and because any authority given him, had been revoked. The plaintiff's declaration contained the general counts in assumpsit only. By the report of the auditor, it appeared, that the parties were partners at the time the action was commenced, and evidence was laid before him, relating to various claims connected with, and growing out of, their partnership transactions, none of which had been settled. Objection was made to the acceptance of the report, on account of its including these items.

*Duncan,* for the plaintiff.

*Hibbard,* for the defendant.

BELL, J. In *Dennet* v. *Cutts,* 11 N. H. Rep. 163, it was decided, that an attorney has a lien upon the papers and documents of his client, which have come into his hands in the course of his professional employment, for the general balance due him. In this case no lien attaches, until the client's papers come into the attorney's hands, (*St. John* v. *Diefendorf,* 12 Wend. 261,) and in the course of his professional business. *Stevenson* v. *Blakelock,* 1 Maule & Selw. 535. And as, like other common-law liens, it rests upon possession, such lien is lost, whenever the holder voluntarily gives up the possession.

This lien extends to the execution and copy of the judgment, if they are in the attorney's hands, but does not reach to the judgment itself. Of this there can be no possession. It is but a decision of a court upon a claim made by one party against another. It exists but in intendment of law. The records of the courts are

the evidence of such judgments; but these are public, preserved in the custody of public officers, over which neither the attorney nor his client has any control, and of which neither has any rightful possession. The execution is no such representative of the judgment, as to give to the holder any control over the judgment. Neither does the possession of the execution, or of a copy of the judgment by the attorney, or any third person, disable a creditor from exercising any of his rights as such. The indispensable requisite to any ordinary lien, possession, is wanting.

The lien of an attorney, upon a judgment for his fees and disbursements in the cause, is established here by the decision in *Shapley* v. *Bellows*, 4 N. H. Rep. 347, in conformity to the general principle adopted elsewhere. It is properly denominated a lien in the broad sense of the term, but it has few points of resemblance to the ordinary lien upon tangible property. It does not in any way depend upon possession, but rests on the equity of the attorney's claim, to be repaid out of the proceeds of a judgment, for his fees and disbursements which ordinarily constitute a part of the judgment itself. This right is limited to the *fees and disbursements* of the attorney *in that cause,* and cannot be extended to "commissions," or other charges, however proper in themselves. *The People* v. *Hardenburg,* 8 Johns. 335; *Heart* v. *Chipman,* 2 Aiken, 162; *Ocean Insurance Co.* v. *Rider,* 22 Pick. 210.

Auditors, by the Revised Statutes, ch. 189, are to be *appointed* by the Court, and are to perform certain duties in regard to such actions as may require an investigation of accounts, or an examination of vouchers. Their duty is to state the accounts between the parties. They act under oath, and either party, dissatisfied with the report, may have a trial by jury. For certain purposes, the report is made evidence upon such trial. The matters which may thus be submitted to a jury, are those only which the auditor can examine. If he extends his inquiries further, either with the assent of parties, or without, his report must be set aside, as embracing matters not referred to him, and in regard to which such report is not made evidence.

Wright *v.* Cobleigh.

An auditor may be made arbitrator by the parties, but his powers as auditor are not increased by such submission. His award, made separately from his report, may be binding upon the parties; but if the two are united, the report as such must be set aside. *Morrill* v. *Russell*, 12 N. H. Rep. 74; *Elliot* v. *Quimby*, 13 Ib. 181. The assent of the parties, that an auditor should examine as to matters not referred to him by the court, is at most a submission to an arbitration by parol, and such submission may be revoked by either party before an award is actually made. *Hunt* v. *Wilson*, 6 N. H. Rep. 36. The revocation in this case was proper and sufficient.

It is well settled here, as well as elsewhere, that, during the continuance of a partnership, and while its concerns are unadjusted, there is at common law no implied promise by one partner to pay any thing to the other on a partnership transaction; and no action lies by either in such case, unless the transaction upon which the right of action is based, has been settled between the parties, and a promise of payment made. *Gibson* v. *Moore*, 6 N. H. Rep. 547.

By the Revised Statutes, ch. 180, § 4, any copartner may maintain an action of assumpsit against one or more of his copartners, to recover his just share of any goods, chattels, choses in action, or the proceeds thereof, received by such copartners, and not accounted for, delivered, paid, or otherwise settled for, on demand. Under an earlier statute, of which this is a revision, it was decided, in *Perley* v. *Brown*, 12 N. H. Rep. 493, that to bring the case within the statute, there must be a refusal to account for some specific property belonging to the partnership, and that a claim for the balance of unsettled partnership dealings, could not be supported after a demand of settlement and a refusal. The provision of the former statute, allowing an action for money had and received in such case, is repealed. And we think, that under the revised statutes, not only the demand should be for specific property, but the declaration should be special, setting forth the facts required to maintain the action.

Under the general counts, which give no notice of any partnership claim, which set forth none of the facts required to

maintain the action, evidence respecting partnership dealings is not admissible. The auditor may amend his report, by striking out what was improperly introduced, and judgment may be rendered on the report, for the balance.