Benedict agt. Harlow and Wendell.

---

## SUPREME COURT.

### BENEDICT agt. HARLOW AND WENDELL.

The attorney has no lien on the damages recovered for his client, until the same is actually received by him.

The parties have a right to settle the suit *before* judgment, without first paying the attorney his costs.

*It seems*, that under the Code attorneys have no lien for their costs, unless there be a special contract to that effect.

*Washington Special Term, March* 1851. This was an action of assault and battery and false imprisonment, commenced since the Code of 1849, and was tried at the Saratoga circuit on the 4th February 1851, when the plaintiff obtained a verdict against the defendants for thirty dollars damages. On the 8th of Febru-

ary, and before judgment was entered on the verdict, the defendants settled with the plaintiff, the subject matter of the suit, and paid him thirty dollars; in consideration of which the plaintiff executed to them a release under his hand and seal, discharging them from the damages and costs in that suit, and admitting the same to have been fully settled.

On the 26th of February, the plaintiff's attorneys gave notice of an adjustment or taxation of costs before the clerk and the same were taxed at $80·44, and judgment was entered up by the clerk on motion of the plaintiff's attorneys for thirty dollars damages and thirty dollars costs. The defendants' attorneys produced at the time and exhibited their release from the plaintiff and objected to the taxation of the said costs and entering up of said judgment. But the plaintiff's attorneys refused to recognize that settlement by the plaintiff and entered up judgment as aforesaid.

The defendants have moved to set aside the judgment as irregularly entered.

On the part of the plaintiff the motion is resisted on the ground that the settlement by the defendants and payment of thirty dollars to the plaintiff was a fraud upon them, and will, if sustained, deprive them of all compensation. They show that the plaintiff was insolvent and that they had advanced the disbursements. They have read affidavits tending to show that the defendants knew that the settlement would operate as a fraud upon the plaintiff's attorneys.

MEEKER & CULVER, *for the Defendants.*
W. B. LITCH, *Contra*

WILLARD, Justice.—It was held in St. John vs. Dieffendorff and Allen (12 *Wend.* 261), that the attorney has no lien on the damages recovered by his client until the money is actually received by him. Hence the party has a right to receive the damages, or to discharge them, without receiving them, against the wish of his attorney. The attorney's lien, if he has any upon the damages, does not attach while the money is unpaid. Possession is essential to constitute a lien (McFarland vs. Wheeler, 26 *Wend.* 467).

Prior to the Code the attorney who had recovered a judgment for damages and costs was treated, with respect to the costs, as an assignee, and his right to the costs was protected against any discharge which might be made by his client. Many of these cases are reviewed by Mr. Justice Paige in Wilkins vs. Batterman, sheriff, &c., at the Albany general term, in July 1848 (4 *Barb S. C. R.* 47). In that case the plaintiff, who was committed on a ca. sa. for costs, was discharged out of custody by the sheriff, by the direction of the party, in whose favor the judgment was obtained. The court held that the ca. sa. was for costs only, it was notice to the sheriff that the money belonged to the attorney, and they held that the sheriff was liable as for a voluntary escape in permitting the plaintiff to go at large at the instance of the defendant. It was an act done by the client in fraud of the attorney, and the sheriff, by concurring in the act, became responsible for the consequences. In that case and in all the others which are cited, the action had passed into judgment before the improper interference of the client with the opposite party occurred. The lien of the attorney was consummated by the taxation of the costs and perfecting of the judgment. Such was the case in Wilkins vs. Batterman, *supra ;* Martin vs. Hawkes (15 *J. R.* 405); Ten Broeck vs. De Witt (10 *Wend.* 617); Bradt vs. Koon (4 *Cowen,* 416).

Those cases are all distinguishable from this. The plaintiff has received no money on which his attorneys had a lien. The thirty dollars which he received belonged to him alone, and was unincumbered with any lien in favor of his attorneys (12 *Wend.* 261, *supra*). Here was merely a settlement of the action before judgment, which the client had a right to make. In Mitchell vs. Oldfield (4 *D. & E.* 123), Buller, J., says that the court will not interfere on behalf of the attorney *and prevent the plaintiff settling his own cause without first paying the attorney's bill,* yet, when the adverse party, against whom a *judgment has been obtained,* applies to get rid of that judgment; the court will take care that the attorney's bill is satisfied. The plaintiff was under no restriction with respect to his right to settle the action.

---

Benedict agt. Harlow and Wendell.

---

His attorneys trusted to his personal responsibility and integrity. Hence, if this motion is to be decided by the law as it existed before the Code, the entry of this judgment was irregular.

If the Code has created any changes in the practice in this respect, it is adverse to the claim set up by the plaintiff's attorneys. The 303d section abolishes all statutes establishing or regulating the costs or fees of attorneys, solicitors or counsel in civil actions, and all existing rules and provisions of law restricting or controlling the right of a party to agree with an attorney, solicitor or counsel for his compensation, and thereafter it leaves the manner of such compensation to the agreement, express or implied, of the parties. In Davenport vs. Ludlow (4 *How. Pr. R.* 337), Mr. Justice SHANKLAND intimated an opinion that an attorney under the Code can have no lien for his costs. The cause, indeed, went off upon another point and this question was not settled. If it were necessary, in this case, to pass upon that question, I should incline to follow the *dictum* of the learned judge. The reason for upholding a lien in favor of the attorney does not exist under the Code. The attorney's compensation is no longer measured by the fee bill, but rests in contract. There is no higher necessity for granting him a lien on the judgment for costs than there is that a carpenter or mason should have a lien upon the house he has built, or an agistor of cattle should have a lien upon the animals he depastures; neither of which had a lien at common law. The principles on which a lien is given to inn-keepers, carriers and certain mechanics who have made repairs upon property of their customers are inapplicable to attorneys.

In any aspect in which this case can be viewed, the defendants had a right to settle the suit before judgment, without making themselves liable to the costs of the plaintiff's attorneys. In paying the damages to the plaintiff, they have not interfered with any right of his attorneys. If the latter fail to receive compensation for their services, it will be for a cause which existed when the action was commenced—the poverty of their client.

The motion to set aside the judgment must be granted.