By the Court, Ingraham, P. J.
The Bowling Green Savings Bank employed Mr. McGowan as attorney and counsel, to do business for the bank, and an account for $1,400.31, is claimed as due to him therefor. A similar account, for like services, is claimed to be due to Cullen & McGowan. The bank employed the firm to foreclose a mortgage, and this action was commenced by them, therefor, and judgment of foreclosure ordered, ¡November 8, 1871. On the 20th of November, 1871, the bank being insolvent, a receiver was appointed. After the receiver had qualified, Cullen & McGowan received the amount of proceeds of sale. They claim a right to deduct from such proceeds the amount due to Cullen & McGowan, and the amount due to McGowan individually, and have paid over the balance.
The receiver moved, at Chambers, for an order directing the payment of the balance that had been deducted; which motion was granted. The attorneys appeal from that order.
So far as it was proposed to include, in the settlement of this claim, the amount of the deposit in the bank, $49.50, or the amount due by McGowan upon the note on which he was indorser, or the amount McGowan owed on the draft drawn by him on the bank, it was erroneous. These items are improperly claimed or allowed, and must be adjusted between McGowan and the bank. And the same principle applies to the claim of McGowan for services rendered by him to the bank, amounting to $1,400.31. The claims of McGowan against the bank may form a set-off to the claims of the bank upon the note and draft; but with that we have nothing to do, on this motion. The bank has no remedy to col *146 lect the amount so claimed to be due to it, except by actionand McGowan has no right to offset a claim due to him individually, against the right oí the receiver to collect from Cullen & McGowan moneys in their hands, collected by them as attorneys for the bank. So far as the claim of McGowan is sought to be deducted, it is enough to say that it cannot be set off against moneys collected for the receiver, or after his appointment; and McGowan has no lien either on the papers on which this suit is brought, or the moneys which were the result of that suit, to secure the payment of his claim.
The papers were deposited with Cullen & McGowan, and they alone can have any claim against the receiver.
The real question, then, is, whether Cullen & McGowan have any right to set off their claim for services rendered after January 1,1871, $608.17, or have any lien upon the proceeds of the foreclosure, therefor. So far as they present their claim as a set-off, I think it cannot be allowed. When the receiver was appointed, no money had been received by them. Their claim could not' be set off against the mortgage; and the appointment of the receiver vested in him the title to the mortgage, free from such set-off. The subsequent receipt of the money by Cullen & McGowan was for the receiver, and not for the bank, and debts due from the bank could not be interposed against the receiver’s title. (12 Wend. 261.)
But, although no set-off could be claimed, I am of the opinion that the attorneys acquired a lien on the bond and mortgage when placed in their hands for collection, for any moneys due to them for services rendered by them to the bank; which lien was not defeated by the. subsequent appointment of the receiver. An attorney has a lien upon all deeds and papers in his hands belonging to Ms client; and until he is paid, the court will not order them to be given up. (Hughes v. Mayre, 3 T. R. 275. Howell v. Harding, 8 East, 362. And such lien attaches to a judgment recovered, (4 T. R. 123; 6 id. *147 361,) and also on the money payable to the client thereunder. (1 East, 464.) Johnson, J., in Shackcleton v. Hart, 2 How. 39,) says: “The lien extends not only to the judgment, but to ah the securities lor its payment and satisfaction in the hands of the client; and the latter could no more be released or discharged to the prejudice of the attorney’s lien than the former.”
[First Department, General Term, at New York,
November 4, 1872
Ingraham and Brady, Justices.]
Most of the cases in which this lien is recognized, are cases where the claim was for costs of that particular action in which the motion was made. (5 Rob. 611. 14 Abb. 229, 336. 24 How. 409.) But the rule is equally well settled as to any claim which the attorney has for his services, and attaches as well to the proceeds of a judgment as to the papers on which the judgment was founded.
To apply these rules to the present case, the account between the receiver and the attorney will be as follows, viz:
Am’t received on sale, from referee, $16,788 07
Deduct claim of attorneys, $608.17
Am’t retained for assess’t, 660.09
Cash paid receiver, . . . 1,500.00 16,268 26
Balance due receiver,..... $519 81
Leaving all other acccounts to be adjusted by an action.
The order appealed from should be modified by reducing the amount to be paid to the receiver to 519.81, and interest from demand by the receiver, July 16,1872.