Daniels, J.
The action wherein the money was collected was prosecuted by the petitioner as plaintiff against William T. Clyde and another as surviving partners. The judgment was recovered for the sum of $30,165.54, and it had all been collected by the attorney except the sum of $2,415.55. The object of the petition and the proceedings instituted by it was to obtain an order requiring the attortorney to pay over so much of the amount received by him as the petitioner was entitled to receive. The action in which the money was collected was prosecuted by the attorney under an agreement between himself and the petitioner by which the latter agreed in lieu of paying fees, that the attorney should prosecute this and other suits for one-fourth the net amounts which should be recovered by the judgments. The attorney accordingly was entitled to retain this one-fourth under the authority of this agreement. As to that no controversy seems to exist between these parties.
But as to the residue of the money collected upon the judgment the attorney has set forth by way of justification for his refusal to pay it over the fact that he had been *620 employed in still other legal proceedings, and had rendered services and made disbursements in them for the petitioner, and that the petitioner also had violated his agreement with the attorney concerning certain legal proceedings in actions within this agreement, thereby rendering himself liable to make compensation to the attorney for the loss or damages he had so sustained. As to this latter branch of the position taken by the attorney it is not necessary that any particular time shall be devoted to its examination, for the law has not undertaken to reserve or secure to the attorney a lien upon his Ghent’s papers, or money, for damages arising out of the non-performance of a contract, when no such right shall, by their agreement, be reserved in favor of the attorney. The appropriate mode for recovering such damages is by way of an action, as in other cases where parties fail te perform or observe their agreements. But as to the services performed and disbursements made in other legal proceedings for which the attorney has not already been compensated, the case stands upon different grounds. For it has been the object of the law to maintain in the attorney’s favor a lien, or right of detention, of his client’s papers and moneys, until he shall be paid what the latter has become legally bound to pay him for his services and disbursements. This lien, or right of detention, has been urged in behalf of the petitioner to be restricted to the services performed and disbursements made in the action, in which the judgment itself has been recovered. And Williams v. Ingersoll (89 N. Y., 508) has been relied upon as conclusively establishing this proposition, but the decision does not proceed to this extent. It was considered and held there that the lien of the attorney upon the judgment itself is confined to the services and disbursements in the action, and to a sufficient amount secured by it to satisfy this hen. But the point was not then before the court whether the attorney, after he had collected the judgment and had the money in his possession, would, or would not, be entitled to retain it until his entire account for services and disbursements in other legal proceedings should be settled by the party otherwise entitled to receive the money. That is a very different question from the one which was considered and decided in that case, for it depends upon the ' obligation of the attorney to surrender what he has actually become possessed of, belonging to his client, without his other legal claims being liquidated or settled. As to the papers which may pass into his possesion, this general lien, or right of detention, has been uniformly maintai ued by the authorities.
To a great extent it has been made dependent on the fact of possession, and the possession of the client’s funds *621 would seem to be within the control of the same principle. This subject 'was examined in St. John v. Diefendorf (12 Wend., 261), where it was stated in the course of the opinion that the attorney would have this right of detention of whatever belonged to his client, after it had lawfully passed into the possession of the attorney. This principle was made the subject of further consideration in section 629 of Wharton on Agency, etc., where the distinction is taken between the right of the attorney to charge a judgment by way of lien, and of retaining that of which he may have become possessed by the permission and authority of the client. In the former case it is declared that the lien will not extend beyond compensating the attorney for his services and disbursements in recovering the judgment, while in the latter the money or papers in the possession of the attorney may be retained for a general balance of his account for services and disbursements. It is said there that “the distinction between the retaining lien and the charging lien in this respect is plain. In the one case the fund is in the attorney’s hands, and the law of lien properly applies, and the attorney can charge for his general balance. In the other case, the fund is not yet recovered, and the attorney not having the fund in hand ought, if he have a lien at all, to be restricted to that for statutory fees.” And the decision made in Matter of Knapp (85 N. Y., 284), proceeds upon this distinction, for there it was said “ That an attorney has a lien for his costs and charges upon deeds or papers, or upon moneys received by him on his Ghent’s behalf, in the course of his employment, is not doubted, nor does it stand upon questionable foundations.” Id., 293. And as far as the case of Bowling Green Savings Bank v. Todd (52 N. Y., 489), extends, it sanctions this principle, which is entirely distinguishable from that which was considered and applied in the decision of Williams v. Ingersoll (supra). And these authorities maintain the rule to be, where the attorney has lawfully acquired the possession of the papers or money of his clients under the authority of the latter, he shall not be obliged by the order of the court to surrender either until his just demands against the client for services and disbursements have been settled and paid.
The contract under which these moneys were collected and received by the attorney does not exclude, and is not in any manner inconsistent with this right of detention or lien secured to the attorney, for it did not impose upon him the obligation, at all events, of paying over the money collected to the petitioner. An obligation to pay, it is true, is to be implied from the agreement, but where this may be the relation of the parties the obligation is necessarily sub *622 ject to the incidental rights of the attorney, not surrendered or abandoned by the making of the agreement. Upon the subject of .the attorney’s lien upon moneys passing into his possession, the contract was entirely silent.
Neither expressly nor by implication did it attempt to regulate this right or obligation of the attorney. That was on the other hand left to the legal principle, applicable to the relation existing between the parties, that when the moneys of the client were collected by the attorney he should pay them over, after deducting what should appear to be justly due him for other services he had rendered his client, and the disbursements made in the course of such employment. In this case, therefore, the petitioner was not entitled to the payment of the moneys collected upon this judgment until the legal claims of the attorney for his services and disbursements in other proceedings, which had not been adjusted and settled, shall be ascertained and paid. The order of reference excluded the right of the referee to inquire into, or investigate, the claims made by the attorney for compensation for these services and disbursements in other proceedings. To that extent it was not entirely just to the attorney, and while the reference was proper to ascertain the amount due from the attorney to the petitioner, the order directing it should be so far enlarged as to include these other charges and demands for which the attorney claims the right to retain the other three-forths of the moneys collected by the judgment. As so modified the order should be affirmed, with the usual costs and disbursements awaiting the result of the proceeding.
Davis and Brady, JJ., concur.