## SUPREME COURT.

In the Matter of JAMES H. BAILEY, Receiver, &c., of the PELHAM AND PORTCHESTER RAILROAD COMPANY.

*Attorney's lien for costs — Right of attorney for railroad company to costs upon a judgment, although the company became insolvent pending the action, the costs having been paid to receiver after notice of attorney's lien — Party paying such costs to receiver after notice not protected from execution.*

Where the attorney of a railroad company had a lien for his costs upon a judgment for the company, and the company, pending the action, became insolvent, the company's receiver has no title, legal or equitable, to such costs; and if the other party to the action, after notice of the attorney's lien, pay the judgment to the receiver, he is not thereby protected from execution issued on such judgment.

*N. Y. Chambers, October,* 1883.

*William E. Walkley,* for petitioner.

*Harwood R. Pool,* for respondent.

POTTER, *J.* — This is a motion, upon petition, that Joseph Pool show cause why the sheriff should not return an execution issued to him by said Pool, as attorney for the above railroad company, as satisfied, when the sheriff's fees thereon are paid, and why the petitioner should not be allowed to retain the sums that he has received upon the judgment (being the full amount thereof) on which said execution was issued.

From the papers presented by the petition of the receiver,

and the affidavits, it appears that one Gildersleeve brought an action against the Pelham and Portchester Railroad Com-pany, and Mr. Pool was employed by the defendant to defend said action, and did so successfully; the result being that said company recovered a judgment against the plaintiff in the action for the costs for the services which Mr. Pool rendered in the action, and his disbursements in behalf of the company.

During the pendency of the action and before the trial thereof, or the recovery of said judgment, the company was declared insolvent, and the petitioner was appointed its receiver.

The judgment for costs and disbursements was entered up by Mr. Pool on the 9th day of June, 1883, and upon the 14th day of June following, said Pool gave notice, in writing, to the plaintiff's attorney in the action in which the judgment was recovered, that he had a lien upon said judgment for his costs therein, and that the amount of said judgment be paid to him, and on the 26th day of June issued an execution upon said judgment to the Sheriff to collect the same. Nevertheless the plaintiff in said action paid the amount of said judgment to said receiver, who now asks the court by said petition to be allowed to withhold the same from said Pool, and that the Sheriff be directed to return said execution upon being paid his fees.

The receiver takes the position that he has a right to said costs by virtue of his appointment as receiver, superior even to the right of the attorney who rendered the services and advanced the money for which the judgment for costs was rendered. The receiver, in order to make his right to said costs appear more unqualified and absolute, sets forth in his petition that he had no contract or understanding with said Pool during the pendency of said action, or at any other time. By this, I suppose, is meant that he did not, as receiver, recognize said action, or Mr. Pool as his attorney in conduct-ing the same, and so Mr. Pool can have no claim, legal or equitable, against the receiver for his services. If that is so,

it can only go to intensify the absence of any equity in the claim that the receiver now makes, to have said costs at the expense of the person who' earned them. There are some other notable features in the transactions of the receiver and other parties in this matter, but, as they are of no importance in the view I entertain of the question presented, I refrain from alluding to them particularly.

The attorney of the railroad company had a lien for his costs against the company, and the company, if not dissolved, could not deprive the attorney of them, or receive them of the other party to the action who was adjudged to pay them after notice of the attorney's lien to the deprivation of the attorney who recovered them. No notice or other step was necessary upon the part of the attorney to create his lien. His right to those costs was substantial and absolute, after notice. The courts always have protected the attorney's lien for costs in a judgment upon motion to set off reciprocal judgments between the parties to the action in which such judgments were recovered, whether for costs and damages or either.

I have failed to perceive any title to the costs in question, legal or equitable, that the receiver can maintain. We have seen the railroad company itself, if still in existence, could not, as against its attorney, hold these costs. Certainly the receiver of a dead corporation can have no better right than the corporation would have, if alive. The receiver takes the same title the corporation had in its lifetime, and takes by transfer. When the corporation ceased to be, there was no judgment in its favor against Gildersleeve, who brought his action against it; no right to any costs had been established or adjudged in favor of the corporation when it ceased or made a transfer of its assets to the receiver. This was never an asset of the corporation. It was the judgment that was rendered after its dissolution that created these costs. Where and how did the receiver become the owner of this judgment for costs or become entitled to receive these costs, especially as against Mr. Pool, the attorney?

This motion must be denied, with ten dollars costs, to be paid by the receiver; and as he is before the court by petition, asking to have his right to the costs he has received established, I think it proper and competent for the court, in disposing of this matter, to order the receiver to pay the costs he has received, with the interest thereon from the time he received the same, to Joseph Pool, esq., the attorney of the railroad company, upon service upon the receiver of a copy of the order to be entered herein; and further, that the stay of the sheriff from collecting the said execution be vacated and the sheriff be allowed to proceed thereunder and collect his fees upon the amount of the judgment and interest.

# SUPREME COURT.

The People *ex rel.* George Burgess agt. Joseph H. Risley as sheriff of Ulster county.

*Criminal law — Right of prisoner to see counsel before indictment.*

The provision of the constitution of New York (*art.* 1 *sec.* 6), which declares that "in any trial in any court whatever, the party accused shall be entitled to appear and defend in person and with counsel," gives to a prisoner every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial.

*Ulster Special Term, September*, 1883.

Motion for a *mandamus* to compel the sheriff of Ulster county to allow the relator a private interview with his counsel.

*William D. Brinnier*, for prisoner and motion.

*A. T. Clearwater*, district attorney, opposed.

Westbrook, J. — The relator, George Burgess, has been committed by a magistrate of the county of Ulster in default