WILLIAM H. CORY, Appellant, *against* RICHARD HARTE, Respondent.

(Decided April 13th, 1885).

Manual delivery of shares of stock by a client to his attorney, as security for professional services rendered and to be rendered by the latter in a pending action, is sufficient, without any written transfer or authority to transfer, to give the attorney a lien upon the stock valid as against a receiver of the property of the client appointed in proceedings supplementary to execution against him.

Such a lien is not lost by a delivery of the stock, with written notice of the lien, by the attorney to the receiver, upon a demand by the latter.

APPEAL from an order of the General Term of the City Court of New York affirming an order of that court declaring priority of lien.

The defendant employed one John F. Baker as his attorney to prosecute the plaintiff for alleged false and fraudulent representations in the sale of seventy-five shares of stock in the Cory Artificial Fuel Company. Baker sued the plaintiff, and the action is still pending. Before its commencement he received from the defendant seventy-five

shares of the stock of said company as security for his professional services.    He subsequently, under an order of the City Court, delivered the same to L. C. Whiton, who had been appointed a receiver of the defendant's property, and at the time of such delivery he served upon the receiver a written notice of his lien.

The court below decided that Baker had a priority of lien upon said stock, and from that decision plaintiff appealed to this court.

*Wm. H. Shepard* and *George T. Hanning*, for appellant.

*John F. Baker*, for respondent.

LARREMORE, J.—[After stating the facts as above.]— The main contention is that there was no formal transfer of the stock on the books of the company, and while this objection might avail as to third parties, the stock in question being a chose in action (as between the original parties) would pass by manual delivery (*Weaver* v. *Barden*, 49 N. Y. 286).    The receiver acquired no other or better title than his assignor had, and took the property *cum onere*.    The court below directed a reference to determine the amount of Baker's lien upon said stock.    I think the decision was right and that the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Chief Justice.—I agree that the order should be affirmed.    The delivery of the certificates of the stock by the defendant to Baker to be held by him as security that he would be paid for the services that had been and would be rendered by him in the action, was sufficient to give him a lien upon the certificates without any written transfer or authority to transfer them.    The lien was not lost by the delivery of the certificates to the receiver.    Possession is undoubtedly the foundation upon which the right to a lien rests, except where it attaches to what is incapable of being reduced to possession, as an attorney's lien upon a judg-

ment, and if the possession is absolutely given up by an unqualified restoration of the thing pledged to the pledgor, the lien is gone, and even where it is given up to the pledgor with an understanding that the lien is to continue, the lien is, in this state at least, unavailable as against a judgment creditor or an innocent purchaser for value (*McFarland* v. *Wheeler*, 26 Wend. 467; *Black* v. *Bogert*, 65 N. Y. 601), the decision of the English Court of Common Pleas to the contrary in *Reeves* v. *Capper* (5 Bing. N. C. 56) not having been followed in this state. But the possession may be parted with to a third party and the right of lien retained, as where one delivers the goods upon which he has a lien to a third party as security, with a notice of his lien (*McCombie* v. *Davies*, 7 East 5). In the case in our own state of *McFarland* v. *Wheeler* (above cited), it was conceded that if the owners of the saw mill, instead of delivering the boards that had been sawed at a place designated by the person for whom they were sawed, had placed them under the control or in the hands of a third person, under the authority of the owners of the saw mill, the lien would have been retained, for the possession, said Senator VERPLANK, who delivered the principal prevailing opinion, need not always be the direct and actual possession of the party, for that his agent, servant or the possession of a warehouseman acting under his authority, is his possession, and it was said in *Watson* v. *Lyon* (7 De G. M. & G. 288), that if a solicitor having a lien upon a document places it in the hands of an agent or trustee, it cannot be said that his lien is defeated.

What puts an end to the right to the lien is an unqualified disposition (Cross on Liens, pp. 358 and 38) or such a restoration to the pledgor as clothes him with all the outward indicia of ownership by which creditors or innocent purchasers may be deceived (*McFarland* v. *Wheeler, supra*). But the present case was not one even of a voluntary delivery. The receiver, after his appointment, served upon Baker, the attorney, a written demand that he deliver up to him as receiver all and any property, equitable interest, rights and things in action, effects and estate, real and per-

sonal, belonging to Harte, the judgment debtor, or in which he had any interest, which was directly demanding the certificates of stock in which Harte had an interest. Baker complied with the demand made upon him by a qualified and conditional delivery, *i. e.*, by serving upon the receiver at the same time that he delivered the certificate a written notice of his lien and taking the receiver's receipt for the same. This was not such a voluntary, absolute and unqualified delivery of the certificates as would extinguish the lien, and, as the receiver was about to sell the stock, it was proper for the court below to order that the receiver pay the proceeds into court to await the determination of a reference appointed to ascertain the amount of the lien.

VAN HOESEN, J., concurred.

Order affirmed, with costs.