GLADYS OKYLE, Individually and as Administratrix of the Estate of JULIUS OKYLE, Deceased, Plaintiff, *v.* HIGHBRIDGE FAMILY LAUNDRY SERVICE, INC., et al., Defendants.*

Supreme Court, Special Term, Bronx County, October 30, 1942.

*Hyman B. Jackson* for substituted receiver.

*Louis L. Schwartz* opposed, for respondents.

EDER, J. This is a motion by the substituted receiver herein to vacate or resettle the order of this court made on May 6, 1942, which fixed the compensation of plaintiff's former attorneys,

---

* Affd. 266 App. Div. 661, motion for leave to appeal to Court of Appeals, for a stay and for other relief denied 266 App. Div. 728, motion for leave to appeal, to be heard on original papers, to dispense with the furnishing of security and for a stay dismissed 290 N. Y. 867. See, also, 179 Misc. 987.

upon a motion made for a substitution of attorneys. The compensation was fixed at the sum of $500 and the order provided that said sum "is to be a lien on any moneys collected under the judgment rendered or to be rendered in this action."

This action was prosecuted to judgment; the plaintiff was appointed receiver but was later removed and the present receiver was substituted; by order of this court he was authorized to retain counsel and he engaged his present attorney.

It is alleged that there is now in the possession of the substituted receiver the sum of $650, representing the sum of $615 received by him from one of the defendants in settlement of his liability, and an additional sum of $35, being plaintiff's share of certain collections, and which was turned over to the substituted receiver by plaintiff's former attorneys. It is asserted by said attorneys that of this sum of $615 thus paid over the sum of $500 represents an offer of settlement previously made by said defendant to them so that it would appear that the endeavors of the present receiver and his attorney have merely brought in but the sum of $115. It also alleged that upon the application for the order now sought to be vacated or resettled no, notice thereof was given to the substituted receiver or to his attorney.

Following the fixation of the compensation of said attorneys and the declaration of their lien, an order passed directing the substituted receiver to honor the said lien and make payment to them in said sum of $500.

Controversy has arisen between the movant and the respondents as to the interpretation and construction of the order fixing said lien of the respondents and as to whether it was intended thereby to make their lien superior to that of the substituted receiver and this is seemingly due to the fact that the order itself contains no provision as to preferences.

The general rule, as established by the weight of authority, is that an attorney's charging or possessory lien is not lost by the appointment of a receiver or by delivering over to a receiver the property on which the lien is claimed, especially when such delivery is accompanied with notice of the lien. (*Bowling Green Savings Bank* v. *Todd*, 64 Barb. 146; *Cory* v. *Harte*, 13 Daly, 147; *Matter of Bailey*, 66 How. Pr. 64.) This rule is, however, subject to the qualification that what the receiver takes over or acquires is the result of the accomplishments of the attorney and represents the fruits of his industry. In other words, the receiver takes no better title and stands in no firmer position than the one whose property he has taken over, and if the attorney has a charging or other valid lien thereon at the time,

it is not in any manner impaired, subordinated or destroyed simply because a receiver has taken over. (*Bowling Green, Bailey* and *Corey* cases, *supra.*) Obviously, when the receiver takes over the property in such a case he takes it *cum onere* and the lien of such attorney has preference over any lien of the receiver. (See also *Sherman* v. *Buckley*, 119 Fed. Rep. [2d] 280.)

If, on the other hand, the property or fund from which the attorney's lien is sought to be paid and satisfied is the product of the labors of the receiver and his counsel, and to which result the services of the former attorney have not contributed at all, or only in a minor or inconsequential degree, the lien of the attorney becomes subordinate and the compensation of the receiver and his attorney and payment thereof take precedence over the lien of such attorney. (*Bauer* v. *Wilkes-Barre Light Co.*, 274 Penn. St. 165.) It is quite true, as stated by the movant, that allowances to a receiver's attorney are taxable as costs and as part of the administration expenses and as such take precedence over pre-existing liens (*City Bank of Wheeling* v. *Bryan*, 76 W. Va. 481), and are entitled to priority of payment. (*Bauer* case, *supra*; see also *Ball* v. *Improved Property Holding Co.*, 247 Fed. Rep. 645.)

These latter rulings are not of unlimited application but have their force where properly applicable; it all depends upon the particular facts and circumstances which are present and attend the particular application before the court; they are without effect here because in the instant case the respondents had completed their work; they had reduced the cause of action to judgment; all that remained was for them to take the necessary steps to enforce payment of the judgment which they were prevented from doing by the action of the client in seeking a substitution of attorneys.

The court was aware of this situation at the time the substitution of attorneys was granted subject to the lien of the respondents, which had attached to the cause of action and its proceeds, from the very outset, and with respect to which lien only the amount was to be determined. If the plaintiff as the original receiver had come into possession of any fund as a result of the judgment it would have been charged and burdened with the lien of the respondents and such lien would have had priority over the original receiver in the payment and distribution thereof, and the substituted receiver occupies no more exalted station but takes over from his predecessor in precise standing.

Moreover, neither the substituted receiver nor his attorney

contributed anything of real value toward the acquisition of the fund now possessed by the former for the respondents previously had received an offer of $500 from one of the defendants in settlement of the judgment against him, acceptance of which they advised but which was declined. But even if this were not so it is quite immaterial with respect to the right of the respondents to priority, for without the judgment the receiver would not have been in any position at all to acquire anything and it is the judgment which has resulted in the creation of the existing fund and this is the direct result of the services rendered and performed by the respondents and without which there would have been no judgment and in consequence no fund at all.

The motion is denied.