GLADYS OKYLE, Individually and as Administratrix of the Estate of JULIUS OKYLE, Deceased, Plaintiff, *v.* HIGHBRIDGE FAMILY LAUNDRY SERVICE, INC., et al., Defendants.

Supreme Court, Special Term, Bronx County, December 16, 1942.

*Hyman B. Jackson* for motion.

*Louis L. Schwartz* opposed.

EDER, J. This is an application by the receiver herein for a stay of proceedings pending appeal and for an order dispensing with security on appeal in a cause now pending before the Appellate Division, First Department, which involves an appeal from an order directing payment of the lien of the respondents, attorneys, and directing that the same be paid and satisfied from moneys in the possession of the receiver, and upon which appeal an order made by this court holding said attorneys' lien to have precedence over the claims of the receiver and his attorney will be brought up for review. (See *Okyle* v. *Highbridge Family Laundry Service, Inc.*, 179 Misc. 153.*)

---

\* Affd. 266 App. Div. 661, motion for leave to appeal to Court of Appeals, for a stay and for other relief denied 266 App. Div. 728, motion for leave to appeal, to be heard on original papers, to dispense with the furnishing of security and for a stay dismissed 290 N. Y. 867.

Under the provisions of section 614 of the Civil Practice Act, this court may grant a stay on appeal, without security, not exceeding thirty days, and if the continuance of the stay is desired beyond that period and during the pendency of the appeal, security must be furnished. (Civ. Prac. Act, §§ 614, 886.)

Section 568 of the Civil Practice Act, entitled "Limiting or dispensing with security on appeal," provides as follows: "An order may be made by the supreme court or a justice thereof, in the discretion of the court or justice, upon notice to the respondent, dispensing with or limiting the security required to stay the execution of the judgment or order appealed from, as follows: 1. Where the appellant is an executor, administrator, trustee, or other person acting in another's right, the security may be dispensed with or limited, in the discretion of the court. 2. The aggregate sum in which one or more undertakings are required to be given may be limited to not less than fifty thousand dollars, where it would otherwise exceed that sum."

The appellant receiver has the sum of $522 in his possession. If the order appealed from is affirmed there is enough on hand to pay the amount awarded and a portion of the costs and disbursements which would be taxable against the losing party; and as to the balance the receiver would be required to pay it having undertaken the appeal and subjected the respondents to the necessity of opposing it with the attendant expense; simple justice would require the court to direct him to pay to reimburse the respondents in like degree as a party should pay, if unsuccessful. There need be little concern on that score as far as the appellant as receiver is concerned.

The appellant, as receiver, is under a bond to comply with the directions and orders of the court and in the circumstances, therefore, there is no need to require him to furnish security to stay the enforcement of the order appealed from during the pendency of and until the determination of the appeal.

In my opinion the appellant, as receiver, comes within the purview of section 568, and upon the situation disclosed the provisions of said statute authorize this court, in its discretion, to dispense with the furnishing of security by the receiver, and the motion to dispense with such security, and for a stay of proceedings, is granted, as prayed for.

Settle order on one day's notice.