James J. Crisona, J.
In a proceeding for the voluntary dissolution of Active Wholesalers, Inc., an insolvent corporation, the attorney for the permanent receivers moves for an order confirming the report of the Referee appointed to determine the priorities of the creditors of Active Wholesalers, Inc., and for a fair and reasonable fee for the Referee.
Two of the creditors, Biddle Purchasing Company, Inc., and Wellwood Trading Corp., cross-move to confirm so much of the Referee’s report which recognizes their priority and to direct the permanent receivers to pay to them the amounts of their judgments together with interest prior to any payment to any other person for administrative expenses or otherwise.
*562 Another of the creditors, Marmax Products Corp., cross-moves to direct the permanent receivers to pay to it the amount of judgment that it has against Active Wholesalers, Inc., and to confirm the Referee’s report only to the extent that the report recognizes its priority and in all other respects to disallow the report to the extent that it is inconsistent with the granting of the relief prayed for.
The Referee’s report in pertinent part recommends the payment in full of actual out-of-pocket disbursements to the attorney for the permanent receivers for mimeographing notices to the creditors concerning the hearing before the Referee, in addition to the payment in full to the City Marshal for the “ statutory expenses and fee on judgment levy ” and the payment in full for the use and occupancy of store premises by the permanent receivers. The report further recommends that $500 be deducted from the funds in the hands of the permanent receivers as a fee for the Referee, subject to the approval of the court. Thereafter, the report lists the judgment creditors and the date upon which they obtained and perfected valid judgments against the insolvent corporation, Active Wholesalers, Inc., which are as follows: Marmax Products Corp,, July 7,1959; Biddle Purchasing Company, Inc., July 23, 1959; J. W, Johnson-Winco Corporation, July 23, 1959; Wellwood Trading Corp., August 3, 1959 and Louis Zavalin and Samuel Styler, August 25,1959. The report recommends that the balance of the funds in the hands of the permanent receivers, after the above-mentioned deductions are made, should be distributed to these creditors pro rata.
The attorney for the permanent receivers submits herewith a notice from the Department of Taxation and Finance of the State of New York demanding corporation taxes in the sum of $50 due for the period ending December 31, 1960, and for the period from January 1, 1961, to March 3, 1961, and, in addition, indicates that the premium on the receivers’ bond issued by the National Surety Corporation in the sum of $100 is past due. He alleges that these claims were not made at the hearing conducted by the Referee herein and, understandably, are not included in his report. However, he requests that the court provide for the payment of such sums.
It is clear from the record that only the creditors Marmax Products Corp., Biddle Purchasing Company, Inc., J. W. Johnson-Winco Corporation and Wellwood Trading Corp. levied pursuant to their respective judgments on the assets of the insolvent corporation herein and, therefore, acquired liens. (See Matter of Muehlfeld & Haynes Piano Co., 12 App. Div. *563 492.) The creditors Louis Zavalin and Samuel Styler have a judgment, but unfortunately made no levy pursuant thereto and "consequently have acquired no lien.
The temporary receivers in the proceeding herein were appointed on August 3, 1959, and their bond was approved and filed on August 4,1959. The afore-mentioned judgment liens were acquired prior to the filing of the temporary receivers’ bond and consequently would not be destroyed by the receivers taking possession of the property affected by such liens. (Matter of Lewis & Fowler Mfg. Co., 89 Hun 208.) While such liens would not be destroyed the court was, nevertheless, empowered by law to appoint receivers to take possession of the insolvent corporation’s property, and all rights in such property are to be adjudicated by the court. (Walling v. Miller, 108 N. Y. 173.)
The act of taking possession of the insolvent corporation’s property through the court-appointed receivers was attended by necessary expenses (Raht v. Attrill, 106 N. Y. 423) which includes the receivers’ fees and expenses and the disbursements in connection with the reference herein relating to the receivership. (People v. Metropolitan Mut. Sav. & Loan Assn., 103 App. Div. 153, 160, affd. 182 N. Y. 531.) These fees and expenses should be paid before all other claims including pre-existing liens. (Okyle v. Highbridge Family Laundry Serv., 179 Misc. 153, affd. 266 App. Div. 661; Rosenzweig v. Zirkatz Realty Corp., 145 Misc. 653; cf. Pittsfield Nat. Bank v. Bayne, 140 N. Y. 321.) The claim for taxes by the Department of Taxation and Finance of the State of New York does not have priority over the judgment liens herein since these taxes arose subsequent to the judgment liens. (Wise v. Wise Co., 153 N. Y. 507; Matter of Gruner, 4 Misc 2d 471; Paragon Progressive Fed. Credit Union v. Byndloss, 212 N. Y. S. 2d 989.) Ordinarily, in a receivership of an insolvent corporation, there should be a ratable distribution of whatever sum is available for payment to creditors of a particular class. (Clark, Receivers [3d ed.], vol. 3, Chap. 23, § 667, p. 1199; see, also, Matter of Empire State Sur. Co., 214 N. Y. 553, 565.)
Since J. W. Johnson-Winco Corporation made its claim at the hearing before the Referee herein, such claim is timely and the contention by the creditor Biddle Purchasing Company, Inc., to the contrary is without merit since any creditor may be permitted to come in and prove his debt at any time while the funds, or any part thereof, are under the control of the court. (People ex rel. Attorney-General v. Security Life Ins. & Annuity Co. 79 N. Y. 267.)
*564 The court is of the opinion that the Referee’s report should be confirmed as follows:
The following expenses of the permanent receivers are to be paid in full: (1) disbursements for the notices to the creditors of the hearing before the Referee, (2) payment to the City Marshall for “ statutory expenses and fee on judgment levy,” (3) payment for the use and occupancy of certain store premises by the permanent receivers, and (4) payments of the premium due on the receivers’ bond in the sum of $100 to the National Surety Corporation. The Referee’s fee in the sum of $500 is allowed and the court directs that such payment be made.
The balance of the fund is then to be distributed pro rata only among the following creditors, all of whom have valid liens: Marmax Products Corp., Biddle Purchasing Company, Inc., J. W. Johnson-Winco Corporation and Wellwood Trading Corp.